**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Hugo Antonio Salmeron Salvador,** | |
| **Petitioner,** | |
| **v.** | **Civil Action No. 26-15089-NMG** |
| **Antone Moniz, et al.,** | |
| **Respondents.** | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Hugo Antonio Salmeron Salvador ("Salmeron Salvador" or "petitioner"). Salmeron Salvador asserts that his detention by Antone Moniz and the other named respondents ("respondents") violates his statutory, regulatory and due process rights as a non-citizen and seeks immediate release from custody.

## I. Facts

Petitioner is a citizen of El Salvador. He entered the country without inspection in December, 2004. Petitioner avers that at some point before 2015 he applied for asylum and withholding of removal based on his fear of returning to El Salvador. That application was never adjudicated on the merits and petitioner's case was administratively closed in July, 2015.

While the case was administratively closed, petitioner's counsel, unbeknownst to petitioner, died. As a result, petitioner was not notified that his case had been rescheduled and he failed to appear for a hearing related to his application. Accordingly, petitioner was ordered removed in absentia on October 28, 2025.

Following entry of the removal order, petitioner was not taken into custody and respondents did not place him on an Order of Supervision ("OSUP").

On November 5, 2026, more than one year after petitioner was ordered removed and more than nine months after his removal period had expired, Immigration and Customs Enforcement ("ICE") officers stopped him on his way to work, arrested him and detained him at the Plymouth County Correctional Facility in Massachusetts. Petitioner avers that before detaining him, respondents did not conduct a custody determination or give him notice of the reasons for his detention or an opportunity to respond.

Petitioner filed the present petition on November 13, 2026, asserting that his detention violates 8 U.S.C. §1231 and his due process rights under the Fifth Amendment.

## II. Discussion

### a. Detention

Detention of non-citizens following a final order of removal is governed by 8 U.S.C. §1231(a). Once a non-citizen is ordered removed, the Attorney General must remove him or her within 90 days, a period known as the "removal period." 8 U.S.C. §1231(a)(1)(A). That period generally begins on the date the order of removal becomes administratively final, id. §1231(a)(1)(B)(i), and, if the non-citizen does not leave, or is not removed from, the country within the removal period, he or she becomes "subject to supervision under regulations prescribed by the Attorney General" pending removal. Id. §1231(a)(3). By contrast, certain categories of non-citizens, including those inadmissible under 8 U.S.C. §1182,

> may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

Id. §1231(a)(6).

Respondents contend that petitioner is detained under §1231(a)(6) and that nothing in the text of that statute conditions detention on the non-citizen having been held during the removal period. The Court is unpersuaded.

As in Diallo v. Joyce, 817 F. Supp. 3d 202, 205-206 (S.D.N.Y 2025), the Court begins with the plain language of the statute. Section 1231(a)(6) permits certain non-citizens to be

detained "beyond the removal period" and provides that such a non-citizen, "if released," shall be subject to supervision under §1231(a)(3). 8 U.S.C. §1231(a)(6). Those provisions assume that the non-citizen is already in custody when the removal period ends. The Court therefore agrees with the court in Diallo that the phrase "and, if released" indicates that §1231(a)(6) applies to those "who are already in detention, as they would be during the 90-day removal period." 817 F. Supp. 3d at 206 (S.D.N.Y. 2025).

Accordingly, this Court joins several other courts, including some in this District, in holding that §1231(a)(6) allows the government to extend the detention of a non-citizen who was held during the removal period but does not authorize an initial detention that begins after the removal period has ended. See Da Silva Lima v. Wesling, No. 26-cv-12266-IT, Dkt. 19 at 6-7 (D. Mass. May 27, 2026) (collecting cases); Rodriguez v. Moniz, No. 26-cv-13241-BEM, 2026 WL 2123649, at *1 (D. Mass. July 23, 2026); Luna Estrada v. Moniz, No. 26-cv-12358-WGY, Dkt. 25 at 3-4 (D. Mass. Sept. 25, 2026); Parra v. Favro, 2026 WL 1030870, at *4-5 (N.D.N.Y. Apr. 16, 2026) (collecting cases). Because petitioner was not detained during the removal period, §1231(a)(6) does not authorize his current detention.

**b. Revocation of Release**

Petitioner's detention also cannot be justified as a revocation of release. Under §1231(a)(3) and §1231(a)(6), the government may revoke the release of a non-citizen with a final order of removal only in certain circumstances and only if it follows the procedure set out in DHS regulations. Under such regulations, release may be revoked if an official with authority to do so determines that

> (i) [t]he purposes of release have been served;
> (ii) [t]he alien violates any condition of release;
> (iii) [i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
> (iv) [t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

8 C.F.R. §241.4(l)(2). Importantly, those regulations also afford non-citizens certain procedural protections. A non-citizen must be told the reasons for the revocation and must be given an initial informal interview that provide the non-citizen with an opportunity to respond to the reasons for revocation stated in the notification. Id. §241.4(l)(1); see Perez-Escobar v. Moniz, 792 F. Supp. 3d 224, 225 (D. Mass. 2025).

Respondents argue that, because petitioner was never placed on an OSUP, there was no release to revoke and the regulations governing revocation do not apply. The Court disagrees.

The only reason petitioner was not placed on an OSUP is because respondents failed to fulfill their requirements under

§1231(a)(3). Specifically, they did not detain petitioner during the removal period or place him under supervision once that period expired. Now, more than one year after his removal order, they seek to detain him without providing the process he would have received had they complied with the statute in the first place. The government cannot rely on its own shortcoming to deny a non-citizen the protections to which he is otherwise entitled. See Diallo, 817 F. Supp. 3d at 209; Da Silva Lima, No. 26-cv-12266-IT, Dkt. 19 at 8. Notwithstanding the fact that petitioner was not subject to an OSUP, he was nevertheless entitled to the protection he would have been afforded had his detention followed the revocation thereof. See Da Silva Lima, No. 26-cv-12266-IT, Dkt. 19 at 8; Rodriguez, 2026 WL 2123649, at *2; Luna Estrada, No. 26-cv-12358-WGY, Dkt. 25 at 5-6.

As noted above, petitioner asserts that respondents did not conduct a custody determination before detaining him, give him notice of the reasons for his detention or provide him an opportunity to respond. Respondents do not contend otherwise. Rather, they argue only that the regulations did not apply.

The regulatory procedure protects a non-citizen's Fifth Amendment right to notice and an opportunity to be heard. See Jimenez v. Cronen, 317 F. Supp. 3d 626, 655 (D. Mass. 2018). Accordingly, petitioner's detention is not authorized by the

regulations governing revocation of release and it deprived him of the procedural due process to which he was entitled.

**c. Release**

Petitioner did not leave and was not removed from the country within the removal period. In that situation, §1231(a)(3) provides that he "shall be subject to supervision." 8 U.S.C. §1231(a)(3). Because petitioner was not detained before his arrest on November 5, 2026 and the statute requires release on supervision after the removal period ends, the Court will order petitioner released under an OSUP. See Rodriguez, 2026 WL 2123649, at *2; Luna Estrada, No. 26-cv-12358-WGY, Dkt. 25 at 6-7; Da Silva Lima, No. 26-cv-12266-IT, Dkt. 19 at 10.

**ORDER**

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. Respondents are directed to release petitioner from custody on an order of supervision no later than November 27, 2026, at noon.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 24, 2026